Common Pleas Court of Cuyahoga County.

OHIO STATE LIFE INSURANCE CO. V. NORMAN H. POLSTER.

Decided June 10, 1933.

*Geo. W. Leddon,* and *David Perris,* for plaintiff.
*Sol Edgert,* and *E. R. Ginsburg,* for defendants.

FREDERICK P. WALTHER, J.

The plaintiff is the assignee of a mortgage and the holder of notes, which mortgage and notes were executed on or about the 23rd day of June, 1925. This mortgage and the notes which it secured were in the amount of $20,000. The payee of the notes was S. Ulmer & Sons, Inc., and it was the mortgagee. The makers of the notes and the grantors in the mortgage were Sarah Goldstein and Louis Goldstein, wife and husband, and Ben Perelman and Libby Perelman, husband and wife. The consideration was a loan in the amount of $20,000.

On or about the 13th day of July, 1925, S. Ulmer & Sons, Inc., assigned said mortgage and endorsed said notes for value to the plaintiff.

On or about the 23rd day of September, 1925, Ben Perelman and his wife Libby conveyed their undivided one half right, title and interest in the premises mortgaged, being the same premises described in the petition, unto Norman H. Polster.

At the time of the making of the notes and mortgage, Sarah Goldstein owned a one half interest and Ben Perelman the other one half interest in this property, and this situation as to ownership continued until the 23rd day of September, 1925, when Ben Perelman and his wife deeded their undivided one half interest to the defendant, Norman H. Polster. This deed is recorded in Volume 3326, page 367, of the records of deeds of Cuyahoga county. Sarah Goldstein did not convey her undivided one half interest in said property, and died seized of it.

The deed to Norman H. Polster contained the following language:

"The grantee herein does hereby assume and agree to pay one half of the mortgage indebtedness covering said property which total mortgage indebtedness amounts to $20,000,"

which mortgage indebtedness refers to the mortgage indebtedness above mentioned, created by the mortgage signed by the Goldsteins and Perelmans, the amount of said indebtedness at the time of the making of said deed being $20,000 with interest. This mortgage indebtedness was reduced to $16,000 with interest at 6% per annum from January 1, 1931, and was in default at the time of the bringing of this action. The plaintiff filed a petition asking foreclosure of all of the premises described in the mortgage deed and petition and a personal judgment against Norman H. Polster, the estate of Sarah Goldstein, the Perelmans and the widower of Sarah Goldstein, Louis Goldstein. Foreclosure proceedings were had, and upon the sale of all of the property by the sheriff there remained after the payment of costs and expenses of sale the sum of $13,046.46 to be applied upon the amount of the mortgage and the note upon which note and mortgage there was then due $18,140.61 with interest at 6% from February 10, 1933,

and leaving unpaid upon said sum the sum of $5,094.15 as of February 10, 1933, with interest thereon at 6% per annum.

The plaintiff now seeks to recover from the defendant Norman H. Polster a personal judgment for $2,547.07 being one half of $5,094.15, the deficiency still owing upon said note and mortgage.

The arguments in this case have been presented ably by eminent and diligent counsel, and they have not been able to find, and there does not seem to be, any authority in Ohio which defines the rights of the parties in a situation such as we have in this case. The plaintiff claims that the amounts realized upon the sheriff's sale should be applied so that one half of the amount is credited to Polster and the other half to the Goldstein estate, and that the balance still owing and unpaid should be divided equally between Polster and the Goldstein estate, for which balance there should be a personal judgment against the respective parties. In support of the plaintiff's claim, there is cited the case of *Lowe* v. *Turpie, et al.,* 147 Ind., 652, in which it is held:

"Where in consideration of a sale and conveyance of a one half interest in certain real estate the grantee was to assume and pay a part of an incumbrance thereon, upon a breach thereof the grantor was entitled to sue and recover the amount thereof unpaid without first having paid the same to the mortgagee, but after the foreclosure thereof the grantee was entitled to the credit of one half of the amount said land paid of said mortgage at such foreclosure sale."

The defendant Polster claims that in view of the fact that more than one half of the entire indebtedness was realized upon sale of this property by the Sheriff, that he is entitled to claim that the entire amount which he agreed to assume and pay was realized out of the sale of this property and in support of this claim he cites 21 A.L.R., page 472, where it is held:

"Where a purchaser from a mortgagor assumes as a part of the purchase price a portion of the debt secured by the mortgage he becomes personally liable for the amount as-

sumed, but not for the residue, as that does not become his personal debt."

The defendant also cites the case of *Logan* v. *Smith,* 70 Indiana, 597, which holds:

"Where a party purchases real estate and assumes to pay one half of certain mortgages thereon he is a proper party to a suit to foreclose the mortgage, and is not liable to a personal judgment for more than one half of the mortgage debt."

It must be remembered that the two undivided halves of the property in question were sold not as separate parcels or separate halves, but were sold as one entire parcel. In the event that the two halves were sold separately it would not be difficult to determine what deficiency there was on each separate half, but the two parcels, namely, the two undivided halves, having been sold by the sheriff, together and as one parcel, the proceeds of said entire sale being less than the amount of the mortgage indebtedness, it is impossible to determine the exact amount of deficiency against each half.

If Polster had paid one half of the mortgage indebtedness or caused the same to be paid his obligation would have been discharged, because all he was liable for was the one half; but he did not pay nor cause to be paid the one half of the indebtedness. The property was sold in its entirety, and there was a deficiency, and Polster can not now claim that because the total amount realized on both undivided halves was more than his own liability upon the one half which he agreed to pay that he should be relieved from his one half of the deficiency, because if that were true the Goldstein estate would be liable not only for its one half of the deficiency but would become liable for the entire deficiency. If the Goldstein estate were to take the same position which is taken by Polster, which it could as logically do, then Polster would be liable for the entire deficiency. Of course this cannot be the fair or proper way of disposing of the question.

The court is therefore of the opinion that Polster is liable for one half of the deficiency and judgment is awarded against him for such one half.